UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>11-80170-CR-RYSKAMP/HOPKINS</u>

UNITED STATES OF AMERICA

v.

WAYNE E. KEPPLE,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Wayne E. Kepple ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands his rights:

(a)      to be represented by an attorney;

(b)      to be charged by Indictment;

(c)      to plead not guilty to any criminal charge brought against him;

(d)      to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

(e)      to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

(f)     not to be compelled to incriminate himself;

(g)     to appeal his conviction, if he is found guilty; and

(h)     to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court unless that sentence is above the Sentencing Guidelines range stipulated by the parties in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a six-count Information to be filed in the United States District Court for the Southern District of Florida. The Information will charge the defendant with participating in three conspiracies to commit wire fraud and honest services fraud with regard to goods and services provided to the airline industry in

2

the United States and elsewhere between January 2005 and August 2009, as well as three substantive charges of wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 1349.

3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSES CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

During the period from January 2005 until August 2009, the defendant was the Vice President of Ground Operations for Ryan International Airlines ("Ryan"), an entity organized and existing under the laws of the State of Illinois with its principal place of business in Rockford, Illinois.  Among the defendant's responsibilities was contracting with providers of goods and services on behalf of Ryan and approving the invoices that were submitted by those providers to Ryan for payment.  The defendant had a fiduciary duty to act honestly and faithfully in all business dealings with Ryan.

(a)    As to Counts One and Two of the Information:

During the period from October 2005 until August 2009, the defendant purchased fuel for Ryan from Co-Conspirator Company A, Co-Conspirator Company B (collectively "Co-Conspirator Companies A/B"), and Co-Conspirator Company C.

Co-Conspirator Companies A/B were organized and existing under the laws of the State of Florida with their principal places of business in Sunrise, Florida, and they were owned by Co-Conspirator 2 ("CC-2"). Co-Conspirator Company C was organized and existing under the laws of the State of Florida with its principal place of business in Davie, Florida, and it was owned by James E. Murphy.

During the period from October 2005 until August 2009, the defendant agreed to and participated in a scheme to defraud Ryan of his honest services. As part of the scheme to defraud, the defendant solicited and received kickback payments from CC-2, Murphy, and others in exchange for awarding Ryan business to Co-Conspirator Companies A/B and Co-Conspirator Company C.

The defendant, for the purpose of executing the scheme to defraud, did knowingly solicit and accept kickback payments that were transmitted by means of wire in interstate commerce.

Acts in furtherance of this scheme to defraud were carried out within the Southern District of Florida. Co-Conspirator Companies A/B made kickback payments to the defendant from Sunrise, Florida, and Co-Conspirator Company C made kickback payments to the defendant from Davie, Florida.

(b)     As to Counts Three and Four of the Information:

During the period from January 2005 until July 2008, the defendant purchased flight management services for Ryan from Co-Conspirator Company D, an entity organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana. Co-Conspirator Company D

4

was owned by David A. Chaisson ("Chaisson").

During the period from January 2005 until July 2008, the defendant agreed to and participated in a scheme to defraud Ryan of money and the defendant's honest services. As part of the scheme to defraud, the defendant solicited and approved fictitious invoices submitted by Co-Conspirator Company D and solicited and received kickback payments from Chaisson for the award of Ryan business to Co-Conspirator Company D.

The defendant, for the purpose of executing the scheme to defraud, did knowingly solicit and accept kickback payments that were transmitted by means of wire in interstate commerce.

Acts in furtherance of this scheme to defraud were carried out within the Southern District of Florida. The defendant received kickback payments in Lake Worth, Florida, that were sent by Chaisson from Indianapolis, Indiana.

(c)     As to Counts Five and Six of the Information:

During the period from March 2006 until August 2009, the defendant purchased ground security and ground services coordination for Ryan from Co-Conspirator Company E, an entity organized and existing under the laws of the State of Florida with its principal place of business in Pasco County, Florida. Co-Conspirator Company E was owned by Robert A. Riddell ("Riddell").

During the period from March 2006 until August 2009, the defendant agreed to and participated in a scheme to defraud Ryan of money and the defendant's honest services. As part of the scheme to defraud, the defendant solicited and

approved fictitious invoices submitted by Co-Conspirator Company E and solicited and received kickback payments from Riddell for the award of Ryan business to Co-Conspirator Company E.

The defendant, for the purpose of executing the scheme to defraud, did knowingly solicit and accept kickback payments that were transmitted by means of wire in interstate commerce.

Acts in furtherance of this scheme to defraud were carried out within the Southern District of Florida. The defendant received kickback payments in Lake Worth, Florida, that were sent by Riddell.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of each of the six counts of the Information is:

(a)     a term of imprisonment for twenty (20) years;

(b)     a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States

Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

6.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3663A(c)(1), the Court shall order him to pay restitution to Ryan International Airlines, Inc., the victim of the offenses; and

(b)    pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for each charged count.

<b><u>SENTENCING GUIDELINES</u></b>

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the

7

defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.     The United States and the defendant enter into the following stipulations:

(a)     The base offense level to which the defendant is pleading, pursuant to U.S.S.G. §§2B1.1(c)(3) and 2B4.1(a), is 8;

(b)     The value of the improper benefit to be conferred within the meaning of U.S.S.G. §§2B4.1(b)(1), 3D1.1, 3D1.2(d), and 3D1.3(b), is more than $2,500,000 but less than $7,000,000, which increases the offense level by 18;

(c)     Defendant was an organizer or leader of a criminal activity that involved five or more participants pursuant to U.S.S.G. §3B1.1(a), which increases the offense level by 4;

(d)     Defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense within the meaning of U.S.S.G §3B1.3, which increases the offense level by 2;

(e)     For the purposes of U.S.S.G. §3E1.1, a 3-level reduction of the offense level for defendant's acceptance of responsibility is appropriate; and

(f)     Based on the foregoing, defendant's adjusted Offense Level for the offenses to which he is pleading guilty is 29.  The Guidelines imprisonment range for Offense Level 29 is 87 to 108 months imprisonment.

The defendant's appropriate Guidelines fine range is between $15,000 and $150,000.

9.      The defendant understands that the Court will order him to pay a special assessment of $100 per count ($600 total) pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.

10.     The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses.  The government and the defendant agree to recommend that the Court order the defendant to pay restitution in an amount to be determined at sentencing, but not less than $529,998.77.  The defendant agrees that $3,300 in currency and a silver bar seized during a search of defendant's home on August 25, 2009, shall be used to pay part of the defendant's restitution obligation.  The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the restitution as ordered by the Court. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

11.     If the United States determines that the defendant has provided substantial assistance in any Federal Proceeding, as defined in Paragraph 14 of this Plea Agreement, and has otherwise fully complied with all of the terms of this Plea Agreement, it will file a motion for downward departure from the Guidelines

imprisonment range in accordance with U.S.S.G. §5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The defendant acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States. It is understood that, should the United States determine that the defendant has not provided substantial assistance in any Federal Proceeding, or should the United States determine that the defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1 or Rule 35, but will not entitle the defendant to withdraw his guilty plea once it has been entered. The defendant further understands that, whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1 or Rule 35, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

12.     Subject to the ongoing, full, and truthful cooperation of the defendant defined in Paragraph 14 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until

his cooperation is complete.

13.    The United States and the defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation.  The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

14.    The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal criminal laws involving the airline industry, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding").  The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

    (a)    producing  all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States;

    (b)    making himself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

11

(c)    responding fully and truthfully to all inquiries of the United

States in connection with any Federal Proceeding, without falsely implicating

any person or intentionally withholding any information, subject to the

penalties of making false statements (18 U.S.C. § 1001) and obstruction of

justice (18 U.S.C. § 1503, *et seq.*);

(d)    otherwise voluntarily providing the United States with any

non-privileged material or information, not requested in (a) - (c) of this

paragraph, that he may have that is related to any Federal Proceeding; and

(e)    when called upon to do so by the United States in connection

with any Federal Proceeding, testifying in grand jury, trial, and other

judicial proceedings, fully, truthfully, and under oath, subject to the penalties

of perjury (18 U.S.C. § 1621), making false statements or declarations in

grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§

401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

### GOVERNMENT'S AGREEMENT

15.    Subject to the full, truthful, and continuing cooperation of the

defendant, as defined in Paragraph 14 of this Plea Agreement, and upon the Court's

acceptance of the guilty plea called for by this Plea Agreement and the imposition of

sentence, the United States will not bring further criminal charges against the

defendant for any act or offense committed before the date of this Plea Agreement

that was undertaken in furtherance of a scheme to defraud involving the airline

industry in the United States ("Relevant Offense").  The nonprosecution terms of

this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

## REPRESENTATION BY COUNSEL

16.    The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

17.    The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

18.    The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraph 13 of

13

this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement.  The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19.    The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of

14

Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

20. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

21. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

22. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Date: _____11/2/11_____     By: _____
NEZIDA S. DAVIS
Chief, Atlanta Field Office
Antitrust Division
U.S. Department of Justice
75 Spring Street, SW, Suite 1176
Atlanta, GA 30303

Date: _____11/2/11_____     By: _____
BROOKS MACKINTOSH, Trial Attorney
JAMES J. KUROSAD, Assistant Chief
Atlanta Field Office

NANCY MCMILLEN
SHANE CRALLE
RICHARD A. HELLINGS, JR.
Trial Attorneys
National Criminal Enforcement Section

15

Date: _____         By: _____

                                    MICHAEL C. GRIECO
                                    Attorney for Defendant


Date: _____         By: _____

                                    WAYNE E. KEPPLE
                                    Defendant

16